Allen Sattler (SBN 321086)
Younjin (Jennifer) Lee (SBN 310198)
Xuan Zhou (SBN 333504)
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
3420 Bristol Street, 6th Floor
Costa Mesa, California 92626
Tel.: 949.743.3979
Fax: 949.743.3934
asattler@constangy.com
jlee@constangy.com
xzhou@constangy.com

*Attorneys for Defendant SKIMS BODY, INC.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CATHERINE PORCHIA and MATHILDA SILVERSTEIN, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SKIMS BODY, INC.,<br><br>Defendant. | Case No.: 3:24-cv-02562-AMO<br><br>**DEFENDANT SKIMS BODY, INC.'S ANSWER TO PLAINTFFS' CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Complaint Filed: April 29, 2024<br>Trial Date: TBD<br><br>Hon. Araceli Martínez-Olguín |

Defendant SKIMS BODY, INC. ("SKIMS" or "Defendant"), by and through its counsel, hereby submits its Answer to the Class Action Complaint ("Complaint") of Plaintiffs Catherine Porchia and Mathilda Silverstein ("Plaintiffs") without prejudice regarding the potential arbitration agreements at issue int this matter. Pursuant to Federal Rules of Civil Procedure Rule 10(b), Defendant has adopted the headings of the Complaint for ease of reference only. Unless otherwise specifically admitted, Defendant generally denies all of the allegations in the Complaint.

**NATURE OF THE ACTION**

1. SKIMS admits that this action is related to Plaintiffs' relating to SKIMS' website https://skims.com/, but it denies the remaining allegations in Paragraph 1 of the Complaint.

2. SKIMS denies the allegations in Paragraph 2 of the Complaint.

3. SKIMS admits that it sells loungewear and shapewear, but it denies the remaining allegations in Paragraph 3 of the Complaint.

4. SKIMS denies the allegations in Paragraph 4 of the Complaint.

5. SKIMS denies the allegations in Paragraph 5 of the Complaint.

6. SKIMS denies the allegations in Paragraph 6 of the Complaint.

7. SKIMS denies the allegations in Paragraph 7 of the Complaint.

**THE PARTIES**

**I. PLAINTIFFS**

8. SKIMS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 8 of the Complaint, and therefore, it denies the same.

9. SKIMS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 9 of the Complaint, and therefore, it denies the same.

10. SKIMS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 10 of the Complaint, and therefore, it denies the same.

11. SKIMS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 11 of the Complaint, and therefore, it denies the same.

**II. DEFENDANT**

12. SKIMS admits the allegations in Paragraph 12 of the Complaint regarding its state of incorporation and principal place of business. SKIMS lacks knowledge or information sufficient to admit or deny the remaining allegations, and therefore, it denies the same.

**JURISDICTION AND VENUE**

13. SKIMS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 13 of the Complaint, and therefore, it denies the same.

14. SKIMS admits the allegations in Paragraph 14 of the Complaint regarding its principal

place of business. SKIMS lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 14 of the Complaint, and therefore, it denies the same.

15. SKIMS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 15 of the Complaint, and therefore, it denies the same.

## FACTUAL ALLEGATIONS

### I. OVERVIEW OF THE META PIXEL

16. SKIMS denies the allegations in Paragraph 16 of the Complaint.

17. SKIMS admits that the wording in this paragraph is from the referenced websites in footnotes and denies the remaining allegations in Paragraph 17 of the Complaint.

18. SKIMS admits that the wording in this paragraph is from the referenced websites in footnotes and denies the remaining allegations in Paragraph 18 of the Complaint.

19. SKIMS admits that the wording in this paragraph is from the referenced websites in footnotes and denies the remaining allegations in Paragraph 19 of the Complaint.

20. SKIMS admits that the wording in this paragraph is from the referenced websites in footnotes and denies the remaining allegations in Paragraph 20 of the Complaint.

21. SKIMS admits that the wording in this paragraph is from the referenced websites in footnotes and denies the remaining allegations in Paragraph 21 of the Complaint.

22. SKIMS admits that the wording in this paragraph is from the referenced websites in footnotes and denies the remaining allegations in Paragraph 22 of the Complaint.

23. SKIMS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 23 of the Complaint, and therefore, it denies the same.

24. SKIMS lacks knowledge or information sufficient to admit or deny the allegations in in Paragraph 24 of the Complaint, and therefore, it denies the same.

25. SKIMS lacks knowledge or information sufficient to admit or deny the allegations in in Paragraph 25 of the Complaint, and therefore, it denies the same.

26. SKIMS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 26 of the Complaint, and therefore, it denies the same.

27. SKIMS denies the allegations in Paragraph 27 of the Complaint.

28. SKIMS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 28 of the Complaint, and therefore, it denies the same.

29. SKIMS lacks knowledge or information sufficient to admit or deny the allegations in in Paragraph 29 of the Complaint, and therefore, it denies the same.

30. SKIMS lacks knowledge or information sufficient to admit or deny the allegations in in Paragraph 30 of the Complaint, and therefore, it denies the same.

31. SKIMS lacks knowledge or information sufficient to admit or deny the allegations in in Paragraph 31 of the Complaint, and therefore, it denies the same.

32. SKIMS lacks knowledge or information sufficient to admit or deny the allegations in in Paragraph 32 of the Complaint, and therefore, it denies the same.

33. SKIMS lacks knowledge or information sufficient to admit or deny the allegations in in Paragraph 33 of the Complaint, and therefore, it denies the same.

34. SKIMS lacks knowledge or information sufficient to admit or deny the allegations in in Paragraph 34 of the Complaint, and therefore, it denies the same.

35. SKIMS lacks knowledge or information sufficient to admit or deny the allegations in in Paragraph 35 of the Complaint, and therefore, it denies the same.

36. SKIMS lacks knowledge or information sufficient to admit or deny the allegations in in Paragraph 36 of the Complaint, and therefore, it denies the same.

37. SKIMS lacks knowledge or information sufficient to admit or deny the allegations in in Paragraph 37 of the Complaint, and therefore, it denies the same.

## II. DEFENDANT EMPLOYS THE META TRACKING PIXEL TO TRACK USERS ON ITS WEBSITE

### A. Defendant Enables Meta, Through The Meta Pixel, To Intercept Users' Communications With Defendant

38. SKIMS denies the allegations in Paragraph 38 of the Complaint.

39. SKIMS denies the allegations in Paragraph 39 of the Complaint.

40. SKIMS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 40 of the Complaint, and therefore, it denies the same.

41. SKIMS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 41 of the Complaint, and therefore, it denies the same.

42. SKIMS denies the allegations in Paragraph 42 of the Complaint.

43. SKIMS denies the allegations in Paragraph 43 of the Complaint.

44. SKIMS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 44 of the Complaint, and therefore, it denies the same.

45. SKIMS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 45 of the Complaint, and therefore, it denies the same.

46. SKIMS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 46 of the Complaint, and therefore, it denies the same.

47. SKIMS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 47 of the Complaint, and therefore, it denies the same.

48. SKIMS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 48 of the Complaint, and therefore, it denies the same.

49. SKIMS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 49 of the Complaint, and therefore, it denies the same.

50. SKIMS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 50 of the Complaint, and therefore, it denies the same.

51. SKIMS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 51 of the Complaint, and therefore, it denies the same.

52. SKIMS denies the allegations in Paragraph 52 of the Complaint.

## III. DEFENDANT NEVER RECEIVED USERS' CONSENT TO EMPLOY THE META TRACKING PIXEL TO INTERCEPT USERS' COMMUNICATIONS

53. SKIMS denies the allegations in Paragraph 53 of the Complaint.

54. SKIMS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 54 of the Complaint, and therefore, it denies the same.

55. SKIMS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 55 of the Complaint, and therefore, it denies the same.

56. SKIMS denies the allegations in Paragraph 56 of the Complaint.

57. SKIMS denies the allegations in Paragraph 57 of the Complaint.

**CLASS ACTION ALLEGATIONS**

58. This is a legal contention, and therefore, no answer is required. However, to the extent an answer is required, SKIMS denies the allegations in Paragraph 58 of the Complaint.

59. This is a legal contention, and therefore, no answer is required. However, to the extent an answer is required, SKIMS denies the allegations in Paragraph 59 of the Complaint.

60. This is a legal contention, and therefore, no answer is required. However, to the extent an answer is required, SKIMS denies the allegations in Paragraph 60 of the Complaint.

61. This is a legal contention, and therefore, no answer is required. However, to the extent an answer is required, SKIMS denies the allegations in Paragraph 61 of the Complaint.

62. This is a legal contention, and therefore, no answer is required. However, to the extent an answer is required, SKIMS denies the allegations in Paragraph 62 of the Complaint.

63. This is a legal contention, and therefore, no answer is required. However, to the extent an answer is required, SKIMS denies the allegations in Paragraph 63 of the Complaint.

64. This is a legal contention, and therefore, no answer is required. However, to the extent an answer is required, SKIMS denies the allegations in Paragraph 64 of the Complaint.

65. This is a legal contention, and therefore, no answer is required. However, to the extent an answer is required, SKIMS denies the allegations in Paragraph 65 of the Complaint.

66. This is a legal contention, and therefore, no answer is required. However, to the extent an answer is required, SKIMS denies the allegations in Paragraph 66 of the Complaint.

**CLAIMS FOR RELIEF**

**COUNT 1**

**Violation Of The California Invasion of Privacy Act**

**Cal. Penal Code § 631**

67. SKIMS incorporates its responses to all aforementioned paragraphs as if fully set forth herein.

68. SKIMS denies the allegations in Paragraph 68 of the Complaint.

69. SKIMS denies the allegations in Paragraph 69 of the Complaint.

70. SKIMS denies the allegations in Paragraph 70 of the Complaint.

71. SKIMS denies the allegations in Paragraph 71 of the Complaint.

72. SKIMS denies the allegations in Paragraph 72 of the Complaint.

73. SKIMS denies the allegations in Paragraph 73 of the Complaint.

74. SKIMS denies the allegations in Paragraph 74 of the Complaint.

75. SKIMS denies the allegations in Paragraph 75 of the Complaint.

76. SKIMS denies the allegations in Paragraph 76 of the Complaint.

77. SKIMS denies the allegations in Paragraph 77 of the Complaint.

78. SKIMS denies the allegations in Paragraph 78 of the Complaint.

## SKIMS' AFFIRMATIVE DEFENSES

Without assuming any burden of proof that SKIMS would not otherwise bear under applicable law, it asserts the following affirmative and other defenses:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

SKIMS alleges that the Complaint, and every alleged cause of action therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

SKIMS alleges that Plaintiffs lack standing to assert legal rights, including legal rights and/or interests of others and claims for injunctive relief.

### THIRD AFFIRMATIVE DEFENSE

### (Plaintiffs' Own Acts)

Plaintiffs' alleged damages, if any, resulted from Plaintiffs' failure to exercise ordinary care, caution, or prudence of their own behalf, which reduces any damages proximately caused by Plaintiffs' own acts or failure to act.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Join Necessary Parties)**

SKIMS alleges that Plaintiffs have failed to join all parties required for the Court to award complete relief, if any.

**FIFTH AFFIRMATIVE DEFENSE**

**(Consent/Ratification)**

The alleged conduct complained of in the Complaint was approved, consented to, authorized, and/or ratified by Plaintiffs through their actions, and course of conduct, in that Plaintiffs were knowledgeable of the facts and policies concerning their use of SKIMS' website.

**SIXTH AFFIRMATIVE DEFENSE**

**(Arbitration)**

To the extent Plaintiffs have agreed to arbitrate the claims at issue in the Complaint, this Court is not the proper forum for the instant action.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

To the extent that Plaintiff acted with unreasonably delay in bringing their claims, they are barred from recovery under this Complaint and any cause of action thereof.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Statutory Penalties Unavailable)**

Plaintiffs are not entitled to statutory penalties as they have no legal basis for statutory penalties.

**NINTH AFFIRMATIVE DEFENSE**

**(Equitable Estoppel)**

Plaintiffs were knowledgeable of the facts and policies concerning SKIMS' website. SKIMS relied on Plaintiffs' knowledge and conduct. The Complaint and the causes of action alleged therein are therefore barred by the doctrine of equitable estoppel.

**TENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiffs were knowledgeable of the facts and policies concerning their use of SKIMS' website. SKIMS relied on Plaintiffs' knowledge and conduct. The Complaint and the causes of action alleged therein are therefore barred by the doctrine of waiver.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Damages)**

The Complaint is barred in whole or in part because Plaintiffs did not suffer any cognizable damage or other harm as proximate result of any alleged act or omission of SKIMS or its agents or employees.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

Plaintiffs failed and neglected to mitigate their damages if any so as to reduce and/or diminish their claims.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Unconstitutional Damages)**

Plaintiffs' claims for statutory penalties violate the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution and corresponding Articles of the California Constitution because: (a) the statutory and/or civil penalties claimed are vastly disproportionate to the statutory and/or actual damages claimed or available; (b) the award of statutory and/or civil penalties would constitute an arbitrary and capricious taking of SKIMS' property which is unjustified by any rational governmental interest; and/or (c) the statute is unconstitutionally vague, unenforceable or unjustifiably arbitrary.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Adequate Legal Remedy)**

Plaintiffs' claims for equitable relief are barred because Plaintiffs have adequate and complete legal remedy at law, and/or Plaintiffs cannot make the requisite showing to obtain injunctive relief in this action.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Prejudgment Interest)**

SKIMS alleges that the Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Jurisdiction)**

SKIMS alleges that the Court lacks jurisdiction to the extent there exists an enforceable and binding arbitration clause.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Venue)**

To the extent there exists an enforceable and binding arbitration clause, SKIMS alleges that venue is not proper for the above-captioned suit against SKIMS.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

To the extent that Plaintiffs come to this Court with unclean hands, they are barred from recovery under this Complaint, or any cause of action thereof.

**NINTEENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

To the extent that the Complaint and any of the causes of action alleged therein are premised upon conduct that occurred prior to the applicable statute of limitations, the Complaint and any cause of action alleged therein are barred by the applicable statute of limitations.

**TWENTITH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

Plaintiffs were knowledgeable of the facts and policies concerning SKIMS' website, and Plaintiff assumed the risk. The Complaint and the causes of action alleged therein are therefore barred.

**RESERVATION OF RIGHTS**

Defendant SKIMS hereby gives notice that it intends to rely upon such other and further affirmative and other defenses as may become available during discovery in this action and reserves the right to amend this Answer to assert any such defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant SKIMS BODY, INC. prays for judgment as follows:

1. That Plaintiffs take nothing by reason of the Complaint and that the answering Defendant be dismissed;

2. That judgment be entered in SKIMS' favor and against Plaintiffs;

3. To the extent to which law, equity, or contract allows, for reasonable attorneys' fees and costs of suit incurred; and

4. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands that this matter be tried before a jury.

Respectfully submitted,

DATED: August 26, 2024

By: ______________________________

Allen Sattler (SBN 321086)
Younjin (Jennifer) Lee (SBN 310198)
Xuan Zhou (SBN 333504)
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
3420 Bristol Street, 6th Floor
Costa Mesa, California 92626
Tel.: 949.743.3979
Fax: 949.743.3934
asattler@constangy.com
jlee@constangy.com
xzhou@constangy.com

*Counsel for Defendant SKIMS BODY, INC.*

## CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to this action. I am employed in the County of Orange County, State of California. My business address is 3420 Bristol Street, 6th Floor, Costa Mesa, CA 92626.

On **August 26, 2024**, I served a true copy of the document(s) entitled:

**DEFENDANT SKIMS BODY, INC.'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT**

on the following individuals by the method(s) indicated below:

| | |
|---|---|
| Sarah N. Westcot<br>**BURSOR & FISHER, P.A.**<br>701 Brickell Avenue, Suite 1420<br>Miami, FL 33131<br>swestcot@bursor.com | Ines Diaz Villafana<br>**BURSOR & FISHER, P.A.**<br>1990 North California Blvd., Suite 940<br>Walnut Creek, CA 94596<br>idiaz@bursor.com |

*Counsel for Plaintiffs and the Proposed Class*

___ **BY MAIL:** By placing the document(s), with postage fully prepared, in the United States Mail, addressed as indicated below. I am readily familiar with the practices of these law offices for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service in the same day in the ordinary course of business.

___ **BY EMAIL:** By attaching the document(s) to an email and sending the email from jlee@constangy.com to the email addresses of the individuals as indicated above. I did not receive, within a reasonable time after the transmission, any indication that the transmission was unsuccessful.

_x_ **BY ELECTRONIC TRANSMISSION:** By causing the document(s) to be transmitted by the Court's CM/ECF filing system to the e-mail addresses of the individuals as indicated above.

I declare under penalty of perjury under 28 USC § 1746 that the above is true and correct.

Executed on **August 26, 2024**, in Costa Mesa, California.

________________________
Younjin (Jennifer) Lee